## CONANT, Respondent, vs. SOUTHER, Appellant.

*November 23 — December 15, 1891.*

*Guardian and ward: Accounting: Support of ward.*

From the time when he was about one year old until he was eighteen, a ward lived with one T., being treated as a member of the family and doing such work as a son would do. During this time his guardian collected about $1,260 of the ward's money, and turned it over to T. for the ward's support, pursuant to an arrangement made by the grandparents of the latter. The guardian himself made no arrangement and no inquiries as to the matter. *Held*, that the guardian was liable to the ward for the amount collected, less the reasonable value of the ward's maintenance.

APPEAL from the Circuit Court for *Juneau* County.

Guardian's accounting. Appellant was appointed guardian of respondent in 1864. Respondent was then an infant about a year old, and his parents were both deceased. The only estate of the ward consisted of claims for bounty and pension by virtue of the death of his father, who was a soldier. The appellant received, as such guardian, from the state, in 1866, $77.88, and from the national government, as pension, $1,181.70, making in all $1,259.58. The pension was paid in quarterly payments, beginning in 1866 and ending in 1879. At or about the time of appellant's appointment as guardian the minor was placed by his grandparents in charge of one Thompson, where he remained until he was eighteen years of age, and was treated as a member of Thompson's family, being sent to school, and doing chores and such other work as the son of a farmer would naturally do. He was known as Frank Thompson, and supposed himself to be Thompson's son until he was thirteen or fourteen years of age. It appears that his grandparents made the arrangement with Thompson to take the child and bring him up, and agreed that Thompson should have the pension moneys which might be col-

lected on the boy's account for his pay. This arrangement was reported to appellant, and, in pursuance thereof, he paid over to Thompson the bounty and pension moneys aforesaid as fast as he received them.

Upon the trial in the circuit court that court found that appellant should be allowed for the support of respondent, from the age of one and one-half to ten years, $2 per week; that the child's services were of equal value with his maintenance from the time he was ten years of age until he was eighteen (since which time he supported himself); that appellant should be allowed for his expenses and commissions $82.48; that the balance due the ward, with interest, amounted to $541.56, for which sum judgment was rendered. From this judgment the guardian appeals.

*F. S. Veeder*, for the appellant, cited *In re Besondy*, 32 Minn. 385; *Moyer v. Fletcher*, 56 Mich. 508; *In re Thurston*, 57 Wis. 104; Schouler, Dom. Rel. sec. 337; *Cummins v. Cummins*, 29 Ill. 452; *In re Bostwick*, 4 Johns. Ch. 100.

For the respondent there was a brief by *H. W. Barney*, attorney, and *Pinney & Sanborn*, of counsel, and oral argument by *A. L. Sanborn*.

Winslow, J.   It is claimed by appellant that a guardian is vested with a certain degree of discretion in determining the character of his ward's nurture and the amounts to be paid therefor; and that the court should not interfere with the exercise of that discretion, even though it may be true that the same care and nurture might have been secured for a less expenditure, unless it also appear that the guardian abused his discretion, and recklessly expended his ward's money. These propositions are probably true, but the difficulty in this case is that the guardian exercised no discretion. He simply turned over the ward's money to Thompson as fast as it came to his hands, and apparently would have done the same had it been twice as great a sum. He

Conant vs. Souther.

made no arrangement for board, no inquiry, and apparently paid no attention to the matter. Probably, as he claims, he acted in good faith; but it was grossly careless and entirely unjustifiable. Under the circumstances, the only inquiry open to the court was as to the reasonable value of the ward's maintenance. The trial court made this inquiry, and determined the amount which should be credited the guardian therefor. We cannot say that such findings are against the clear preponderance of the evidence, and cannot, therefore, reverse them.

*By the Court.*— Judgment affirmed.